## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHANNA R. JOHNSON,

      **Plaintiff,**

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

      **Defendant.**

No. 17 C 3617

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Johanna R. Johnson filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). 42 U.S.C. §§ 405(g), 423 *et. seq,* 1381 *et seq.* The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c), and filed cross motions for summary judgment. For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI benefits on September 26, 2013, alleging that she became disabled on July 15, 2010. (R. at 91). These claims were denied initially

---

[1] Nancy A. Berryhill has been substituted for her predecessor, Carolyn W. Colvin, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

on December 9, 2013, and upon reconsideration on May 6, 2014, after which Plaintiff filed a timely request for a hearing. (*Id.* at 15–17, 91–102, 105–122). On September 29, 2015, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 38–90). The ALJ also heard testimony from Thomas Dunleavy, a vocational expert (VE). (*Id.*).

The ALJ denied Plaintiff's request for benefits on October 29, 2015. (R. at 18–32). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff did not engage in substantial gainful activity since her alleged onset date of July 15, 2010. (*Id.* at 23). At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis in the bilateral shoulders, and status-post two surgeries on the right shoulder and one surgery on the left shoulder. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations. (*Id.* at 24).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that from July 15, 2010, through October 31, 2013, Plaintiff has the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b) and 416.967(b), but with the following limitations:

> [T]he claimant was limited to lifting and carrying twenty pounds occasionally and ten pounds frequently. In addition, she was able to stand and walk for about six hours in an eight-hour workday, and was able to

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft*, 539 F.3d at 675–76.

sit for about six hours in an eight-hour workday, with normal rest periods. However, the claimant was unable to work at heights or frequently climb ladders, and she was limited to only frequent handling and manipulation, pushing/ pulling, and reaching bilaterally.

(R. at 24). The ALJ found that Plaintiff's condition worsened starting on November 1, 2013. Since that date, the ALJ determined that Plaintiff has the RFC to perform light work except:

> [T]he claimant would be limited to lifting and carrying ten pounds occasionally and less than ten pounds frequently. In addition, she would be able to stand and walk for about six hours in an eight-hour workday, and would be able to sit for about six hours in an eight-hour workday, with normal rest periods. However, the claimant would be unable to work at heights or frequently climb ladders, and she would be limited to only frequent handling and manipulation, pushing/ pulling, and reaching bilaterally.

(*Id.*). The ALJ determined at step four that from July 15, 2010, through October 31, 2013, Plaintiff was capable of performing past relevant work as a fast food worker and as a dietary aid. (*Id.*). Additionally, the ALJ found that Plaintiff was unable to perform any past relevant work as of November 1, 2013, the date her condition worsened. (*Id.* at 31). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony that Plaintiff is capable of performing work as a cashier, an inspector packager, and an usher, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 31–32). Accordingly, the ALJ concluded that Plaintiff was not under disability, as defined by the Act, from the alleged onset date July 15, 2010, through the date of the ALJ's decision. (*Id.* at 32).

The Appeals Council denied Plaintiff's request for review on April 6, 2017. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue,* 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Act. In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004). It "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). The ALJ's decision must be explained "with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "[T]he ALJ must identify the relevant

evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

## III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is persuaded by Plaintiff's argument that the ALJ improperly weighed the opinion evidence of Plaintiff's treating physician.

The opinion of a treating source is entitled to controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *accord Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). A treating physician typically has a better opportunity to judge a claimant's limitations than a non-treating physician. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996); *Grindle v. Sullivan*, 774 F. Supp. 1501, 1507–08 (N.D. Ill. 1991). "More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Therefore, an ALJ "must offer 'good reasons' for discounting a treating physician's opinion," and "can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-

examining physician does not, by itself, suffice." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2); other citation omitted).

If a treating physician's opinion is not given controlling weight, an ALJ must still determine what value the assessment *does* merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)–(6). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Lewis Shi, M.D., Plaintiff's treating orthopedist, treated Plaintiff on a monthly basis from March 7, 2014 through August 20, 2014. (R. at 535). On September 19, 2014, Dr. Shi completed an Arthritis Impairment Questionnaire. (*Id.* at 535–542). He diagnosed Plaintiff with a left rotator cuff tear of supraspinatus and indicated that Plaintiff has a limited ability to initiate and sustain ambulation and complete activity; a limited ability to initiate, sustain, and complete fine/gross movements effectively; significant limitations in doing repetitive reaching, handling, fingering, and lifting; and moderate limitations in using her left arm for reaching in any direction. (*Id.* at 535, 537–38). He also concluded that until further notice, the patient can never lift or carry any amount of weight. (*Id.* at 539). Further he indicated that

Plaintiff's experience of pain, fatigue or other symptoms was severe enough to inter-
fere with attention and concentration. Additionally, he concluded that Plaintiff's
impairments were ongoing and expected to last at least twelve months. (*Id.* at 540).

The ALJ only gave "partial weight" to Dr. Shi's medical source statement be-
cause: 1) the opinion accorded "too great of weight to the claimant's reported limita-
tions"; 2) the restrictions noted by Dr. Shi did not represent Plaintiff's degree of
function at maximum medical improvement as "would have been reasonably ex-
pected to continue after the completion of the recovery period"; and 3) "the objective
evidence does not support a basis for such significant limitations outside the ex-
pected surgery recovery period." (R at 29–30). The ALJ's finding must be remanded
for several reasons.

First, the ALJ did not substantiate his assertion that Dr. Shi's opinion was im-
properly based on Plaintiff's subjective complaints. "[I]f the treating physician's
opinion is . . . based *solely* on the patient's subjective complaints, the ALJ may dis-
count it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added).
However, the Seventh Circuit has cautioned that it was "illogical to dismiss the pro-
fessional opinion of an examining [physician] simply because that opinion draws
from the claimant's reported symptoms." *Aurand v. Colvin,* 654 Fed.Appx. 831, 837
(7th Cir. 2016) (unpublished opinion). "Almost all diagnoses require some considera-
tion of the patient's subjective reports, and certainly [Plaintiff's] reports had to be
factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue*,
2012 WL 401030, at \*11 (N.D. Ill. Feb. 6, 2012). Here, the ALJ failed to "point to

anything that suggests that the weight [Dr. Shi] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable." *Davis v. Astrue*, 2012 WL 983696, at \*19 (N.D. Ill. March 21, 2012). Thus, the ALJ did not "build an accurate and logical bridge" from the evidence to his conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014).

Second, the ALJ did not explain how he determined what degree of limitation would be "reasonably expected" to remain after the recovery period. The ALJ discounted "the degree of limitation" opined by Dr. Shi, stating that it did not represent the maximum medical improvement expected after recovery. (R. at 30). However, the ALJ did not cite to any medical evidence or opinions to indicate what are the reasonably expected degrees of limitations after a period of recovery. The ALJ simply stated, "[T]his conclusion is supported by [Dr. Shi's] assessment that the claimant's prognosis was "good," which suggests that he expected a good recovery with appropriate treatment, as well as the notes indicating that further assessment was necessary." (*Id.*). Although it is true that Dr. Shi stated that the prognosis was good, he did not indicate that Plaintiff would have a full recovery nor did he indicate that the limitations he assessed, with one exception noted below, would be expected to improve. *See Murphy v. Colvin*, 759 F.3d 911, 819 ("Simply because one is characterized as "stable" or "improving" does not necessarily mean that she is capable of doing light work."); *Scott*, 647 F.3d at 739–40 ("There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.").

Despite noting a favorable prognosis, Dr. Shi nonetheless found that Plaintiff had significant limitations including a limited ability to initiate and sustain ambulation and complete activity; a limited ability to initiate, sustain, and complete fine/gross movements effectively; significant limitations in doing repetitive reaching, handling, fingering, and lifting; and moderate limitations in using her left arm for reaching in any direction. (*Id.* at 535, 537–38). In fact, Dr. Shi stated that the impairments he assessed were ongoing and expected to last at least twelve months. (*Id.* at 540). Dr. Shi offered two qualifications in his report. He indicated that his conclusion that Plaintiff could *never* lift or carry anything was time limited, noting that he would re-evaluate this at the next office visit on October 15, 2014. (R. at 539). Additionally, Dr. Shi stated that he could not determine the degree Plaintiff can tolerate work stress at the time of the evaluation. (R. 539–540). He did not offer any such qualification for the other limitations he assessed. The ALJ failed to demonstrate that Dr. Shi's notation of a favorable prognosis and a need for re-evaluation was inconsistent with his assessment of Plaintiff's limitations.

Third, the ALJ did not provide any explanation or offer any examples of how "the objective evidence does not support a basis for such significant limitations outside the expected surgery recovery period." *See Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000) (finding that the ALJ's failure to provide any explanation for his belief that the claimant's activities were inconsistent with the medical source opinion constitutes error). The Court does not know what objective evidence the ALJ con-

sidered to support his conclusion. Therefore, the Court cannot assess the validity of the ALJ's findings and provide meaningful judicial review.

Fourth, although the ALJ is not required to give Dr. Shi's opinion controlling weight, he must still address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinion. SSR 96-2p. SSR 96-2p states that treating source medical opinions "are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." (*Id.*). 20 C.F.R. § 404.1527(c); *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). Here, the ALJ failed to address several of the factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not discuss the nature and extent of the treatment relationship, the frequency of examinations, or whether Dr. Shi had a relevant specialty. "Proper consideration of these factors may have caused the ALJ to accord greater weight to [Dr. Shi's] opinions." *Campbell*, 627 F.3d at 308. The ALJ's failure to "sufficiently account [ ] for the factors in 20 C.F.R. SSS 404.1527," *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013), prevents this Court from assessing the reasonableness of the ALJ's decision. For these reasons, the ALJ did not offer substantial evidence for rejecting the opinions of Dr. Shi, which is an error requiring remand.[3]

On remand, the ALJ shall properly consider and weigh the treating physician opinion, the testimony of Plaintiff, then reevaluate Plaintiff's impairments and RFC, considering all of the evidence and testimony of record and shall explain the

---

[3] Because the Court remands for this reason, it does not address Plaintiff's other arguments at this time.

basis of his findings in accordance with applicable regulations and rulings. With the assistance of a VE, the ALJ shall determine whether there are jobs that exist in significant numbers that Plaintiff can perform.

## IV. REMEDY

Plaintiff requests a reversal of the Commissioner's decision with an order to award benefits or, in the alternative, a reversal with a remand for further proceedings. (Pl.'s Mem.,Dkt. 17 at 15). When reviewing a denial of disability benefits, a court may "affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). The court may reverse with an instruction to award benefits only if "all factual issues have been resolved and the record can yield but one supportable conclusion." *Briscoe*, 425 F.3d at 355 (citation omitted). That is not the case here, and it is not the purview of this Court to gather or reweigh evidence. Therefore, remand for further proceedings is the appropriate remedy.

## V. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [16] is **GRANTED**, and the Commissioner's motion for summary judgment [22] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: June 5, 2018

_Mary M Rowland_

MARY M. ROWLAND
United States Magistrate Judge